UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:24CR489 MTS/SPM |
| SIDARTH "SID" CHAKRAVERTY, VICTOR ALSTON, and SHIJING "POPPY" CAO, | ) |
| Defendants. | ) |

**UNITED STATES' REPLY TO DEFENDANT CAO'S OBJECTIONS TO COURT'S PROPOSED HEARING PROCEDURE**

COMES NOW the United States of America, by and through the United States Attorney for the Eastern District of Missouri, Sayler A. Fleming, and Assistant United States Attorney for said District, Hal Goldsmith, and for its Reply to Defendant Cao's Objection to Court's Proposed Hearing Procedure (ECF 95), states to this Honorable Court as follows:

1. Defendant Cao's Objection argues once again that the issue raised by the United States as to the potential conflict of Attorney Brindley ("Brindley") in this case is an effort by the United States "…to gain information about defense consultation and strategy to which they are not entitled." Further, Defendant argues once again that the conflict inquiry is an effort by the United States "…to eliminate an attorney that is not agreeable to them with the hope of getting an attorney that they find more palatable or less combative." While attorney Brindley takes the pending inquiry in what appears to be a very personal way, nothing could be further from the truth, under the facts and circumstances presented here. There is no question *whatsoever* that attorney Brindley has engaged in successive representations of any number of government witnesses and codefendants in this matter. The inquiry requested by the United States is appropriate and proper

and in keeping with the pertinent law, as is this Court's determination as to how to proceed in that inquiry. The United States rests on its prior briefing to this Court in that regard, and will not reiterate that which it has already argued.

2. To be brief, the United States, per this Court's Order, submitted proposed areas of inquiry for this Court to conduct of the witnesses, *in camera*. Defendant Cao argues that the proposed areas of inquiry are "wholly inappropriate," and requires the witnesses to disclose attorney-client privileged information. First, the Court intends to conduct the inquiry of the government witnesses, *ex parte*, so there will in fact be no disclosure of potentially privileged attorney client communications to the United States or to the other codefendants. Second, the issue of who or what entity paid attorney Brindley's legal fees to represent the government's witnesses is not an area covered by attorney client privilege, and questioning the witnesses as to their knowledge and purported consent of such payments does not invade a privileged area of communication. Third, and perhaps most significant, attorney Brindley offered information to this Court during the November 22, 2024 Hearing by way of a lengthy recitation which included his purported actual communications with each of the government witnesses the Court now wishes to inquire of. His recitations before the Court also included purported information as to how he was paid to represent each of the witnesses. Thus, in his effort to somehow minimize his representation of these witnesses, attorney Brindley disclosed what Defendant Cao now argues is privileged communications to this Court. It is primarily those areas of communication between attorney Brindley and the government's witnesses which the United States has proposed this Court inquire of. Fourth, Defendant Cao argues that she "…has not and does not waive" privilege with her prior attorneys, Mr. Boxerman and Mr. Hedges. That is not an issue for attorney Brindley to have discussed with Defendant Cao relative to this particular inquiry, as this Court appointed conflicts

counsel, attorney Teneil Kellerman, to have such discussions with the Defendant. Finally, as discussed during the most recent attorneys only telephone conference, attorneys Boxerman and Hedges are well able to advise this Court should they have a concern that the Court is asking them to disclose privileged attorney client communications, and the Court can then determine how best to proceed at that time, should the occasion arise.

WHEREFORE, the United States of America respectfully requests this Court to overrule and deny Defendant Cao's instant Objections, continue with the Court's inquiry as to a potential conflict on the part of attorney Brindley, and for such other relief as this Court deems just and proper under the circumstances.

Respectfully submitted,
SAYLER A. FLEMING
United States Attorney

*s/Hal Goldsmith*
HAL GOLDSMITH, #32984MO
Assistant United States Attorney
111 S. 10th Street, 20th Floor
St. Louis, Missouri 63102

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2024, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*s/Hal Goldsmith*
HAL GOLDSMITH, #32984MO